UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ERIC MICHAEL SYDNER, | ) | CASE NO. C08-1148-TSZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| STEVE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is currently confined in the Snohomish County Jail in Everett, Washington. Appearing *pro se*, he has filed an application to proceed *in forma pauperis* ("IFP") together with a proposed civil rights complaint, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff's complaint alleges that due to a "scrivener's error," he is being held in the Jail past his release date. After screening plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915A, the Court recommends for the reasons below that plaintiff's case be dismissed without prejudice.

When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a petition for a writ of habeas corpus, to which the exhaustion requirement applies. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990).

REPORT AND RECOMMENDATION
PAGE -1

Here, plaintiff's sole challenge is to the duration of his confinement. Therefore, he must bring this claim by filing a petition for a writ of habeas corpus.[1]

A district court should not convert a defective § 1983 claim into a petition for a writ of habeas corpus, but rather should dismiss the claim without prejudice. *See Trimble v. City of Santa Rosa*, 49 F. 3d 583, 586 (9th Cir. 1995). Accordingly, the Court recommends that plaintiff's proposed complaint and this action be dismissed without prejudice. Plaintiff's IFP application may be denied as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of September, 2008.

Mary Alice Theiler
United States Magistrate Judge

---

[1] The Court notes that plaintiff attaches a grievance form to his complaint in which plaintiff states that he is scheduled to be released from Jail on September 1, 2008. (Dkt. No. 1, Attachment). Therefore, a petition for a writ of habeas corpus might be moot because it would be filed after his release.